IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARSHALL CURTIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-00139-JPG-SCW |
| ) | |
| STEIN STELL MILL SERVICES, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the question of federal subject matter jurisdiction. The Notice of Removal (Doc. 1) filed by the defendants alleges that defendants Alan Medford and Dennis Beasly are fraudulently joined and that this Court should disregarded their citizenship for the purposes of determining diversity jurisdiction. The Plaintiff did not file a response; however, he filed a First Motion (Doc. 15) to Remand and a Motion (Doc. 17) to Amend his Complaint. Defendants filed Memorandums in Opposition (Doc. 20 & 23) to plaintiff's motions and the plaintiff filed a reply (Doc.24) to the opposition of the remand motion.

Local Rule 7.1(c)(2) states that reply briefs are not favored and should only be filed in exceptional circumstances. Rule 7.1 goes on to state that a party filing a reply brief, "shall state the exceptional circumstances." No exceptional circumstances have been put forth by the plaintiff. Therefore, plaintiff's reply brief (Doc. 24) is stricken for plaintiff's failure to comply with Local Rule 71.(c)(2).

Also pending before the Court is Defendants' Motion (Doc. 8) to Dismiss. The plaintiff did not file a response to defendants' motion to dismiss.

1. **Background.**

This is a retaliatory discharge claim commenced on December 18, 2015, in the Circuit Court, Third Judicial Circuit, Madison County, Illinois. Plaintiff alleges[1] that he was employed by Stein Steel Mill Services, Inc. ("Stein") from July 2013, until February 19, 2015, and was discharged after he voiced his concern about his supervisors' instructions to input the improper grade of steel when weighing it in order to increase the value. Plaintiff states that he informed defendant Medford from United Steelworkers District 7 of his concerns and that defendant Medford informed him that his seniority rights were terminated. It appears that defendant Medford was one of the plaintiff's supervisors. There are no allegations with regard to defendant Dennis Beasley within the complaint.

Defendants request that this Court to ignore the citizenships of defendants Medford and Beasley in determining whether this Court has jurisdiction. Plaintiff, however, moves for remand and for leave to file an amended complaint clarifying his cause of action against defendants Medford and Beasly.

2. **Notice of Removal.**

   a. **Standard.**

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a)(1). The "proponent of federal jurisdiction has the burden of proof." *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 540 (7th Cir. 2006)(citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)).

A plaintiff cannot destroy diversity jurisdiction by joining a nondiverse party if the joinder is fraudulent. *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). The

---

[1] Allegations are taken from the plaintiff's complaint (Doc. 1-1).

Court must ignore the citizenship of fraudulently joined parties when determining if it has diversity jurisdiction. *Id.*; *see Bodine's Inc. v. Federal Ins. Co.*, 601 F. Supp. 47, 48-49 (N.D. Ill. 1984). Fraudulent joinder can occur in two circumstances: (1) when there is no possibility that a plaintiff can state a cause of action against the nondiverse defendant in state court or (2) where there has been outright fraud in plaintiff's pleading of jurisdictional facts. *Gottleib*, 990 F.2d at 327. The party invoking the Court's jurisdiction bears a heavy burden of persuasion to demonstrate fraudulent joinder. *Poulos v. Naas Foods, Inc., 959 F.2d 69*, 73 (7th Cir. 1992). Any doubt with regard to removal should be resolved in favor of the plaintiff's choice of forum. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752 (7th Cir. 2009).

Finally, jurisdiction is determined at the time of removal. "Because jurisdiction is determined as of the instant of removal, a post-removal affidavit or stipulation is no more effective than a post-removal amendment of the complaint." *Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992).

b. **Analysis**.

There is no dispute with regard to the amount in controversy and the defendants are not alleging outright fraud in plaintiff's pleadings. However, the defendants argue that the complaint fails to state a cause of action against defendants Medford and Beasley.

In conducting this analysis, the court must turn to state law to determine whether the plaintiff has any reasonable possibility of success against the nondiverse defendants. *Schur v. L.A. Weight Loss*, (7th Cir. Aug. 17, 2009). Under Illinois law, a retaliatory discharge action may only be brought against an employer. "The purpose underlying the recognition of retaliatory discharge actions is therefore fully served by allowing actions only against the employer." *Buckner v. Atl. Plant Maint., Inc.*, 182 Ill. 2d 12, 21, 694 N.E.2d 565, 569-70 (1998).

A retaliatory discharge action cannot be brought against an employer's agent or employee. *Id*. at 569-70.

Defendant Medford is an employee of Stein Steel Mill Services, Inc., and the Complaint makes no allegations against defendant Beasley. Based on the foregoing, the Court finds there is no reasonable possibility that an Illinois state court would rule against defendants Medford and Beasley based on the allegations within the complaint.

As such, defendants Medford and Beasley are **DISMISSED** without prejudice and the citizenships of Medford and Beasley are disregarded for the purpose of determining diversity jurisdiction. This Court retains jurisdiction and Defendants' Motion to Dismiss (Doc. 8) is **DENIED** as moot.

3. **Motion to Amend.**

a. **Standard.**

The Court has determined that it has jurisdiction and as such, it must next address Plaintiff's Motion (Doc. 17) for Leave to Amend. The time for amendment as a matter of right has passed. Whether the plaintiff should be allowed to amend his complaint is governed by Federal Rule of Civil Procedure 15(a)(2), which provides that a plaintiff may amend his pleading only with the opposing parties' written consent, which the plaintiff has not obtained, or leave of court, which the Court should freely give when justice requires. Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995).

A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)). An amendment is futile if it would not survive a motion to dismiss for failure to state a claim. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).

    b. **Analysis.**

"To succeed in a claim of civil conspiracy under Illinois law, the plaintiffs must eventually establish: (1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 509 (7th Cir. 2007).

"A cause of action for civil conspiracy exists only if one of the parties to the agreement commits some act in furtherance of the agreement, which is itself a tort. Thus, the gist of a conspiracy claim is not the agreement itself, but the tortious act performed in furtherance of the agreement." *Adcock v. Brakegrate, Ltd.*, 164 Ill.2d 54, 63 (1994).

First, there is no indication within the amended complaint that there was an agreement between defendant Medford and defendant Beasley. The amended complaint only alleges that they "conspired." "The mere characterization of a combination of acts as a conspiracy is insufficient to withstand a motion to dismiss." *Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill.2d 12, 23 (1998).

Second, the act alleged in furtherance of the conspiracy is the fabrication of evidence that Plaintiff was "unstable and violent." As such, the question becomes which tortious act "fabrication of evidence" evokes. It is unclear whether the plaintiff is alleging these defendants commit forgery, defamation, fraud, etc.

"A plaintiff cannot be required to plead with specificity the very facts that can only be proven by circumstantial evidence. More importantly, a plaintiff is not required to allege facts with precision where the necessary information to do so is within the knowledge and control of the defendant and unknown to the plaintiff." *Adcock v. Brakegrate, Ltd*., 164 Ill.2d 54, 66 (1994). He must, however, allege facts sufficient to plausibly suggest a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff has not pleaded sufficient factual content within his proposed amended complaint with regard to a conspiracy between defendant Medford and Beasley. Therefore, the Court finds that plaintiff's proposed amended complaint would not withstand a motion to dismiss and at this time, the Court must deny plaintiff's motion to amend.

However, the plaintiff may still seek to amend his pleadings through a subsequent motion. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case will be remanded." 28 U.S.C. § 1447(c).

4. **Summary.**

As stated above, Plaintiff's reply brief (Doc. 24) is **STRICKEN** for failure to comply with Local Rule 7.1. Defendants Medford and Beasley are **DISMISSED** without prejudice and

the citizenships of Medford and Beasley are disregarded for the purpose of determining diversity jurisdiction.  This Court retains jurisdiction and Defendants' Motion to Dismiss (Doc. 8) is **DENIED** as moot.  Plaintiff's First Motion for Remand (Doc. 15) and Plaintiff's Motion to Amend (Doc. 17) are **DENIED** without prejudice.

    **IT IS SO ORDERED.**

    DATED:  5/11/2016

                              *s/J. Phil Gilbert*
                              **J. PHIL GILBERT**
                              **DISTRICT JUDGE**