IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARSHALL CURTIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00139-JPG-SCW |
| | ) |
| STEIN STEEL MILL SERVICES, INC., | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Amended Motion to Remand (Doc. 26). The Defendant has not filed a response and the time for filing has not expired. However, the Court does not require a response.

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a)(1). The "proponent of federal jurisdiction has the burden of proof." *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 540 (7th Cir. 2006)(citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)).

The Plaintiff's motion states that this Court lacks diversity jurisdiction because Plaintiff's Amended Complaint (attached as exhibit to his motion) names defendants Medford and Beasley who are residents of Madison County. (Doc. 26). As such, the plaintiff claims that diversity is destroyed as the Plaintiff, "is an individual who has at all relevant times lived in Madison County, Illinois."

There are several problems with the Plaintiff's motion.  First, defendants Medford and Beasley were dismissed without prejudice.  Second, Plaintiff was denied leave to amend his complaint.  *See, Memorandum and Order* of May 11, 2016.  Finally, even if the amended complaint had been filed, a complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence.  28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998).  Allegations of "residence" are jurisdictionally insufficient.  *Steigleder v. McQuesten*, 198 U.S. 141 (1905).  Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000.

The Court has determined that it has jurisdiction and the time for amendment as a matter of right has passed.  Plaintiff may again seek leave to amend his complaint and he is strongly advised to review Federal Rule of Civil Procedure 15(a)(2) and this Court's Memorandum and Order (Doc. 25) of May 11, 2016.

Based on the above, Plaintiff's Amended Motion to Remand (Doc. 26) is **DENIED.**

**IT IS SO ORDERED.**

DATED:  5/26/2016

                                        *s/J. Phil Gilbert*
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**