IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARSHALL CURTIS, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>STEIN STEEL MILL SERVICES, INC., )<br>*et al.*, )<br>)<br>    Defendants. ) | Case No. 16-cv-00139-JPG-SCW |

**MEMORANDUM AND ORDER**

This matter is once again before the Court on Plaintiff's Motion (Doc. 28) for Leave to Amend Pleadings and Third[1] Motion to Remand (Doc. 29).

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a)(1). Plaintiff moves to amend his complaint and add defendants Alan Medford ("Medford") and Dennis Beasly ("Beasly") who are citizens of Illinois. If the Court allows the plaintiff to file the amended complaint and add these defendants, then this Court would lack diversity jurisdiction because the Plaintiff is also a citizen of Illinois.

1. **Background.**

As the Court has previously set out:

This is a retaliatory discharge claim commenced on December 18, 2015, in the Circuit Court, Third Judicial Circuit, Madison County, Illinois. Plaintiff alleges[2] that he was employed by Stein Steel Mill Services, Inc. ("Stein") from July 2013, until February 19, 2015, and was discharged after he voiced his

---

[1] Plaintiff's motion is titled "Second Amended," but plaintiff has filed two previous motions (Docs. 15 & 26) for remand. As such, this is plaintiff's third motion for remand.

[2] Allegations are taken from the plaintiff's complaint (Doc. 1-1).

concern about his supervisors' instructions to input the improper grade of steel when weighing it in order to increase the value. (Memorandum and Order of May 11, 2016, Doc. 25).

In addition to the above, plaintiff's proposed third amended complaint alleges that the defendants made, "false statements that Plaintiff was violent and could cause harm to people at the job site." (Doc. 28-1).

2. **Motion to Amend.**

The Court must first address Plaintiff's Motion (Doc. 29) for Leave to Amend as Plaintiff's motion to remand hinges on whether he is granted leave to amend and rejoin the non-diverse defendants. The Court has previously set out the standard for amendment.

> The time for amendment as a matter of right has passed. Whether the plaintiff should be allowed to amend his complaint is governed by Federal Rule of Civil Procedure 15(a)(2), which provides that a plaintiff may amend his pleading only with the opposing parties' written consent, which the plaintiff has not obtained, or leave of court, which the Court should freely give when justice requires. Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995).
>
> A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the

amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)). An amendment is futile if it would not survive a motion to dismiss for failure to state a claim. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). (Memorandum and Order of May 11, 2016, Doc. 25).

Under Illinois law, a retaliatory discharge action may only be brought against an employer. "The purpose underlying the recognition of retaliatory discharge actions is therefore fully served by allowing actions only against the employer." *Buckner v. Atl. Plant Maint., Inc.*, 182 Ill. 2d 12, 21, 694 N.E.2d 565, 569-70 (1998). A retaliatory discharge action cannot be brought against an employer's agent or employee. *Id*. at 569-70.

Yet, Count I of plaintiff's proposed third amended complaint is a retaliatory discharge (compensatory damages) claim against the "Defendants." Count II is a retaliatory discharge (punitive damages) claim against the "Defendants." Again, the defendants in the proposed third amended complaint are:  Stein – an employer, and Medford and Beasly - ***employees*** of defendant Stein. The Court has ruled that a retaliatory discharge action may ***only*** be brought against an employer and once again, the plaintiff is attempting to bring retaliation discharge claims against employees.

The third count of the plaintiff's proposed amended complaint is a defamation claim – again, against all defendants. The only allegation[3] pertaining to defamation is, "55. Defendants made false statements that Plaintiff was violent and could cause harm to people at the job site."

---

[3] Paragraph 56 states that the statements that Plaintiff was violent and could harm people were false statements, but since paragraph 55 already stated the statements were false, paragraph 56 simply repeats the allegation in paragraph 55.

"Defamation is the publication of a false statement that 'tends to harm a person's reputation to the extent that it lowers that person in the eyes of the community or deters others from associating with that person.'" *Lott v. Levitt,* 556 F.3d 564, 568 (7th Cir. 2009)(*quoting Tuite v. Corbitt*, 866 N.E.2d 114,121 (2006)). "To bring a successful claim, a plaintiff must normally show that the unprivileged communication of a false statement caused him harm. … Some statements, however, are so obviously harmful that injury to the plaintiff's reputation can be presumed and are considered actionable *per se*." *Id.*

Statements that impute, "an inability to perform or lack of integrity in one's duties of employment" and statements that, "impute a lack of ability, in his profession" are *pro se* defamation actions. *Id.* "The Illinois courts have emphasized that the meaning of a statement is not a fact for the jury to find, but a question of law to be resolved by the court. To discern the meaning, courts must draw from the context of the statement and give the words their natural and obvious meanings." *Id*. (*internal citations and quotations omitted*.)

Further, courts are required to accept the facts alleged in the complaint as true and give all reasonable inferences in favor of the plaintiff. However, the court is not required to take the plaintiff's interpretation of the statement as true and it is the court's responsibility to determine whether the meaning of a statement could be susceptible to an innocent construction. *See* T*obacco Co. v. N.Atl. Trading Co*., 381 F.3d 717, 727 (7th Cir. 2004); *Lott v. Levitt,* 556 F.3d 564, 568 (7th Cir. 2009); *Madison v. Frazier*, 539 F.3d 646, 654 (7th Cir. 2008).

The defendants argue that the plaintiff's allegations are too vague and the Court agrees. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)(*internal citations omitted*.)

"Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 678-79 (*internal citations omitted*.)

Although federal courts do not require pleading of specifics, the pleadings must contain enough information to take a claim from conceivable to plausible. It is conceivable that the defendants Medford and Beasley made statements and that such statements could be constructed to indicate that the plaintiff was "violent and could cause harm to people at the job site." However, it is not plausible that all defendants – which include a corporation – made the exact same statements. The allegation that, "Plaintiff was violent and could cause harm to people at the job site" appears to be the plaintiff's construction of the statements made by plaintiff. The pleading must contain enough information for the Court to determine whether the statements are susceptible to an innocent construction.

3. **Conclusion.**

Based on the above, plaintiff's Motion (Doc. 28) for Leave to Amended is **DENIED** as the proposed third amended complaint is futile as it would not survive a motion to

dismiss for failure to state a claim.  The Court finds Plaintiff's Third Motion to Remand (Doc. 29) moot.  Plaintiff is **DIRECTED** to review Local Rule 15.1 with regard to amended pleadings and the Court **WARNS** the plaintiff that it will not entertain another proposed amended pleading alleging retaliatory discharge against Alan Medford and/or Dennis Beasly.

**IT IS SO ORDERED.**

DATED:  6/29/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**