IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MARSHALL CURTIS, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 16-cv-00139-JPG-SCW |
| STEIN STEEL MILL SERVICES, INC., *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Stein Steel Mill Services, Inc.'s ("Stein") Motion (Doc. 44) for Summary Judgment. Plaintiff filed a timely response. (Doc. 47).

1. **Background**.

This is a retaliatory discharge claim commenced on December 18, 2015, in the Circuit Court, Third Judicial Circuit, Madison County, Illinois. Plaintiff alleges[1] that he was employed by Stein from July 2013 until February 2015 and that he was discharged after he voiced his concern about his supervisors' instructions to input the improper grade of steel when weighing it in order to increase the value.

Stein is a contractor of U.S. Steel and performed its duties on U.S. Steel property in Granite City, Illinois. Plaintiff's job duties required him to transport materials to and from a mill operated by U.S. Steel – including taking loads of steel waste to weigh for the determination of its value. On February 11, 2013, plaintiff states that he informed his supervisors of his "concerns with inputting the wrong grades of steel when weighing it." On February 11, 2013, plaintiff was banned from entering U.S. Steel property for 30 days. After the 30 day ban, he was indefinitely prohibited from entering U.S. Steel property which effectively ceased plaintiff's employment

---

[1] Allegations are taken from the plaintiff's complaint (Doc. 1-1).

with Stein since access to U.S. Steel property was necessary in order to work for Stein. According to the plaintiff, Stein provided U.S. Steel false information about the plaintiff which resulted in U.S. Steel permanently banning the plaintiff from its property.

The Court notes that defendants Medford and Beasly have been dismissed without prejudice (Doc. 25) and this matter is proceeding against defendant Stein on one count of retaliatory discharge.[2]

2. **Standard.**

Summary judgment must be granted, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial. *Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). Where the non-moving party carries the burden of proof at trial, the moving party may satisfy its burden of production in one of two ways. It may present evidence that affirmatively negates an essential element of the non-moving party's case, *see* Fed. R. Civ. P. 56(c)(1)(A), or it may point to an absence of evidence to support an essential element of the non-moving party's case without actually submitting any evidence, *see* Fed. R. Civ. P. 56(c)(1)(B). *Celotex*, 477 U.S. at 322-25; *Modrowski*, 712 F.3d at 1169. Where the moving

---

[2] Plaintiff's complaint alleges one count of retaliatory discharge, compensatory damages and one count of retaliatory discharge, punitive damages. However, damages are not a cause of action.

party fails to meet its strict burden, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings, but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

"It is, of course, well established that, as a general matter, a district court exercising jurisdiction because the parties are of diverse citizenship must apply state substantive law and federal procedural law." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).

3. **Analysis**.

"It is settled law in Illinois that an employee at will may be terminated by his employer at any time for any reason or none at all. A narrow exception to the "employment at will" doctrine has been established in those cases wherein an employee can demonstrate that he was terminated in retaliation for his actions." *Pratt v. Caterpillar Tractor Co.,* 500 N.E.2d 1001, 1002 (Ill. App. 3d Dist. 1986). "A valid claim for retaliatory discharge requires a showing that (1) an employee has been discharged; (2) in retaliation for the employee's activities; and (3) that the discharge

violates a clear mandate of public policy." *McCoy v. Maytag Corp.*, 495 F.3d 515, 520–21 (7th Cir. 2007)(citing *Carter v. Tennant Co.,* 383 F.3d 673, 677 (7th Cir.2004) (quoting *Bourbon v. Kmart Corp.,* 223 F.3d 469, 472 (7th Cir.2000)).

Defendant first argues that it is entitled to summary judgment because it never discharged the plaintiff. As such, defendant argues, the plaintiff fails to meet the first element of a valid claim for retaliatory discharge.

Plaintiff testified that no individual from Stein ever fired him and that Stein never suspended him from employment. (Doc. 45-1 at 224). He further testified that the decision to ban him from U.S. Steel property was made by U.S. Steel and not by Stein. (Doc. 45-1 at 226).

The only argument that plaintiff puts forth in his opposition brief is that, "[t]here are no magic words required for an employer to discharge an employee." (Doc. 47 at 5, citing *Hinthorn v. Roland's of Bloomington, Inc.*, 519 N.E.2d 909, 912 (Ill. 1988)). The Court agrees that an employer does not have to frankly state, "you're fired" in order to convey that an individual's employment has been terminated. However, there must still be an actual termination of the individual's employment. *See Hinthorn* at 697.

As the defendant notes:

> The Illinois Supreme Court has never recognized a cause of action for retaliatory constructive discharge, and it has repeatedly emphasized its disinclination to expand the present scope of retaliation claims. *E.g., Metzger v. DaRosa,* 209 Ill.2d 30, 282 Ill.Dec. 148, 805 N.E.2d 1165, 1173 (2004) ("[T]his court has consistently sought to restrict the common law tort of retaliatory discharge.... We have ... *never* recognized a common law tort for any injury short of actual discharge."); *Fisher v. Lexington Health Care, Inc.,* 188 Ill.2d 455, 243 Ill.Dec. 46, 722 N.E.2d 1115, 1121 (1999) ("this court has thus far declined to recognize a cause of action for retaliatory constructive discharge or retaliatory demotion"); *Zimmerman v. Buchheit of Sparta, Inc.,* 164 Ill.2d 29, 206 Ill.Dec. 625, 645

N.E.2d 877, 882 (1994) ("We note that Illinois courts have refused to accept a 'constructive discharge' concept."); *Hartlein v. Ill. Power Co.,* 151 Ill.2d 142, 176 Ill.Dec. 22, 601 N.E.2d 720, 730 (1992) ("We further decline to expand the tort of retaliatory discharge, on these facts, to encompass the concept of 'constructive discharge.' "); *Hinthorn v. Roland's of Bloomington, Inc.,* 119 Ill.2d 526, 116 Ill.Dec. 694, 519 N.E.2d 909, 912 (1988) ("We agree that plaintiff has sufficiently alleged that she was discharged, but wish to make abundantly clear that we are not now endorsing the constructive discharge concept.").

*Seddon v. Maytag Corp.,* 178 Fed. Appx. 557, 559 (7th Cir. 2006)(unpublished)

U.S. Steel effectively terminated the plaintiff's employment with Stein by banning plaintiff from its property. However, Stein never terminated the plaintiff's employment and without actual discharge, plaintiff fails to establish a necessary element of his retaliatory discharge claim. Therefore, Stein is entitled to summary judgment as a matter of law and there is no need for the Court to address its additional arguments.

4. **Conclusion.**

For the above reasons, Defendant Stein Steel Mill Services, Inc.'s Motion (Doc. 44) for Summary Judgment is **GRANTED**. Defendant Stein Steel Mill Services, Inc. is **DISMISSED** with prejudice. As there are no other defendants in this matter, this case is **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** 6/20/2017

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**