**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

MARSHALL CURTIS,           )
           )
     Plaintiff,       )
           )
vs.                )     Case No. 16-cv-00139-JPG-SCW
           )
STEIN STEEL MILL SERVICES, INC.,  )
*et al.*,              )
           )
     Defendants.   )

## <u>MEMORDANDUM and ORDER</u>

This matter comes before the Court on plaintiff's Objection [Doc. 52] to Defendant's Verified Bill of Costs. Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). The Court presumes that a prevailing party is entitled to costs as a matter of course, *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000), but has the discretion to deny or reduce costs where warranted, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

A reduction or denial of costs may be appropriate, for example, where a non-prevailing party is indigent and his suit is not frivolous. *See Rivera v. City of Chi.*, 469 F.3d 631, 634-35 (7th Cir. 2006) (citing *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)). In deciding whether to hold an indigent party liable for costs, the Court should examine the party's income, assets and expenses and make a threshold finding whether the losing party is incapable of paying the costs at the present time or in the future. *Rivera*, 469 F.3d at 635. The Court should also consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The exception to the cost-shifting presumption for indigent losing parties is narrow, and the

burden is on the losing party to show he fits within the exception. *Id.* at 636. If the Court reduces or denies costs, it must explain its decision. *Krocka*, 203 F.3d at 518.

The plaintiff objects to the bill of cost as it, "would work an enormous hardship" on the plaintiff and because the defendant, "is a large company with profits in the millions of dollars." Plaintiff further states that he is unemployed and "has no unemployment or other benefits from which to pay the costs."

The defendant's status as a "large company" is irrelevant to the Court's analysis. However, the Court may consider that the plaintiff is indigent. The difficulty that the Court has in this analysis is that the plaintiff has provided limited information regarding his ability to pay costs. Although plaintiff states that he is unemployed, there is no indication of whether he may possess other assets in which satisfy the cost award. He has provided no documentation to support a finding that he is indigent. A general claim that paying costs would, "significantly cut into his ability to pay their month-to-month financial obligations" and that the plaintiff "has extremely limited resources" is insufficient to overcome the presumption of cost as there is no indication of the amount of his "limited resources."

Without sufficient supporting documentation to evidence the plaintiff's ability to pay, the Court will not exercise its discretion to deny or reduce Defendant's Bill of Cost. The Clerk of Court is **DIRECTED** to tax the Bill of Cost pursuant to Federal Rule of Civil Procedure 54(d).

**IT IS SO ORDERED.**

**DATE:** 8/1/2017

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**U. S. DISTRICT JUDGE**